# IN THE COURT OF APPEALS OF IOWA

No. 22-1447
Filed May 10, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JAMES PAUL SMITH,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Kirk Daily, District Associate Judge.

A defendant appeals his convictions following guilty pleas. **APPEAL DISMISSED.**

Ryan J. Mitchell of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

In November 2021, James Smith tendered written guilty pleas in separate criminal cases to felony charges of second-degree theft and felon in possession of a firearm.[1] Both pleas were signed by Smith and acknowledged his right to file a motion in arrest of judgment in order to challenge his guilty pleas. *See* Iowa R. Crim. P. 2.24(3)(b). After a continuance, Smith's failure to appear at the rescheduled date, and his later apprehension, an unreported sentencing hearing was held in both cases on September 1, 2022. The court entered sentencing orders imposing concurrent terms of imprisonment not to exceed five years on each charge. In separate orders, the court noted that Smith made an oral motion in arrest of judgment at the time of sentencing, which the court denied as untimely. The record does not disclose the grounds for Smith's untimely motion in arrest of judgment.

Smith now appeals. First, he claims his "counsel was ineffective in failing to adequately advise [him] of the obligation to file a motion in arrest of judgment and the consequences of not filing." As the State points out, we are without authority to consider this claim on direct appeal, so we decline to do so. *See* Iowa Code § 814.7 (2022); *State v. Tucker*, 982 N.W.2d 645, 653 (Iowa 2022).

---

[1] At the time, written guilty pleas to felony charges were authorized by order of the supreme court in response to the COVID-19 pandemic, a procedure Smith does not challenge. *See* Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (Nov. 24, 2020) ("Through June 30, 2021, district courts may accept written guilty pleas in felony cases in the same manner as in serious and aggravated misdemeanor cases. *See* Iowa R. Crim. P. 2.8(2)(b) (last paragraph)."); Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing COVID-19 Iowa Judicial Branch Court Services and Processes Continued to January 1, 2022* (June 21, 2021) (extending November 24, 2020 order through January 1, 2022).

Second, Smith claims the "plea proceedings were defective due to [him] not being fully and properly informed of his right to file [a] motion in arrest of judgment and the consequences of not filing." Smith acknowledges that his oral motion in arrest of judgment—the denial of which he does not challenge on appeal—was not timely, and his failure to otherwise move in arrest of judgment precludes relief on appeal. *See* Iowa R. Crim. P. 2.24(3)(a). But he submits that he falls under one of the "two recognized exceptions to the prohibition on obtaining appellate relief following a guilty plea when no motion in arrest of judgment is filed," that being "when the defendant is not adequately advised of the obligation to file the motion and the consequences of not filing." *Accord State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).[2]

But Smith's claim on this point is still only that *trial counsel* failed to properly inform him of the consequences of failing to file his motion in arrest of judgment. Specifically, he incorporates the arguments he made under his first claim and reiterates: "Trial counsel failed to properly and adequately inform [him] of any and all issues surrounding the motion in arrest of judgment." While Smith tries to present this claim as a challenge to his guilty pleas on the merits, it is just a repackaging of his ineffective-assistance claim and does not present any substantive grounds for relief.[3] *See State v. Vennink*, No. 20-1629, 2021

---

[2] The other historical exception "allowed a defendant to indirectly challenge his guilty plea on appeal despite not filing a motion in arrest of judgment 'if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel.'" *Treptow*, 960 N.W.2d at 109 (citation omitted). That "exception no longer provides an avenue for relief on direct appeal." *Id.*

[3] Smith's brief makes a passing reference to his innocence, but that is not the type of claim for which we could provide relief on appeal because it is unsupported by evidence, affidavits, or authority. *See State v. Kudron*, No. 17-0614, 2018

WL 3378547, at *2 n.2 (Iowa Ct. App. Aug. 4, 2021) ("[F]ailure to inform a defendant about a motion in arrest of judgment implicates error-preservation issues; it is not a substantive ground for relief."). Since Smith confines his complaints to "his lawyer, he makes a claim of ineffective assistance of counsel that he can only pursue in postconviction proceedings." *State v. Basquin*, 970 N.W.2d 643, 660 (Iowa 2022).

Because Smith only forwards ineffective-assistance claims upon which we cannot provide relief on direct appeal, he does not have good cause to appeal following his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3); *Treptow*, 960 N.W.2d at 109–10; *State v. Altimus*, No. 19-1609, 2021 WL 5918310, at *1 (Iowa Ct. App. Dec. 15, 2021). As a result, we dismiss the appeal.

**APPEAL DISMISSED.**

---

WL 2722784, at *2 (Iowa Ct. App. June 6, 2018) (declining to address a "bare allegation" of innocence on direct appeal from a guilty plea); *see also Kellar v. Peoples Nat. Gas Co.*, 352 N.W.2d 688, 693 (Iowa Ct. App. 1984) ("We do not consider such an 'argument' which here consists of nothing more than a bald assertion without any elaboration.").